**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| IN RE: ANGIE M. GARCIA, AKA Angel Garcia, AKA Angie Marie Garcia, *Debtor*, | No. 11-56076 D.C. No. 8:10-cv-00985-JST |
| ORANGE COUNTY'S CREDIT UNION, *Appellant*, | OPINION |
| v. | |
| ANGIE M. GARCIA, *Appellee*, | |
| UNITED STATES TRUSTEE and CHARLES W. DAFF, Chapter 7 Trustee, *Trustees*. | |

Appeal from the United States District Court
for the Central District of California
Josephine Staton Tucker, District Judge, Presiding

2                    IN RE: GARCIA

Submitted February 13, 2013[*]
Pasadena, California

Filed March 5, 2013

Before: Alex Kozinski, Chief Judge, Barry G. Silverman,
Circuit Judge, and Jed S. Rakoff, Senior District Judge.[**]

Opinion by Judge Silverman

**SUMMARY**[***]

**Bankruptcy**

Affirming the district court's judgment in a bankruptcy case, the panel held that: (1) a motor vehicle may fall within California's "wildcard" or "grubstake" exemption; and (2) if an exempt vehicle is a tool of the debtor's trade and is secured by a nonpossessory, nonpurchase-money lien, then the debtor can avoid the lien pursuant to 11 U.S.C. § 522(f)(1)(B).

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[**] The Honorable Jed S. Rakoff, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

[***] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

In re: Garcia 3

**COUNSEL**

Robert M. Dato and Joseph M. Welch, Buchalter Nemer, Irvine, California, for Creditor-Appellant.

Anerio V. Altman, Lake Forest, California, for Debtor-Appellee.

**OPINION**

SILVERMAN, Circuit Judge:

We hold today that a motor vehicle, even a Mercedes, may fall within California's so-called "wildcard" or "grubstake" exemption. Cal. Civ. Proc. Code § 703.140(b)(5). We also hold that if an exempt vehicle is a tool of the debtor's trade and is secured by a nonpossessory, nonpurchase-money lien, the debtor can avoid the lien pursuant to 11 U.S.C. § 522(f)(1)(B). The district court so ruled and remanded the case to the bankruptcy court to determine whether the vehicle in question, a 2001 Mercedes 320E sedan, was in fact a tool of the debtor's trade as a real estate agent, or just a sweet ride. The lien-holder appealed. We affirm.

**I.  FACTS**

In November 2006, Angie Garcia, a real estate agent, borrowed $22,160 from Orange County's Credit Union and used her Mercedes as collateral. The credit union perfected a nonpossessory, nonpurchase-money lien on the vehicle.

4                          IN RE: GARCIA

Garcia filed for Chapter 7 bankruptcy and listed the outstanding balance of the loan as $12,715.50. She claimed that the car, valued at $5,350, was exempt from her bankruptcy estate under California Civil Procedure Code § 703.140(b)(5). That section allows a debtor to exempt up to $18,350 in "any property."[1] Garcia also moved to avoid the lien on the car pursuant to 11 U.S.C. § 522(f)(1)(B). That section allows debtors to avoid nonpossessory, nonpurchase-

---

[1] Cal. Civ. Proc. Code § 703.140(b) (2010) states:

> The following exemptions may be elected as provided in subdivision (a):
>
> (1) The debtor's aggregate interest, not to exceed seventeen thousand four hundred twenty-five dollars ($17,425) in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor.
>
> . . .
>
> (5) The debtor's aggregate interest, not to exceed in value nine hundred twenty-five dollars ($925) plus any unused amount of the exemption provided under paragraph (1), in any property.

On January 1, 2013, the amounts were increased to $24,060 and $1,280, respectively, and the burial plot reference was deleted.

IN RE: GARCIA                                                5

money liens on exempt property that is a tool of the debtor's trade.[2]

The bankruptcy court ruled that the California wildcard exemption could not be used for vehicles like Garcia's because other sections of the California exemption statutes deal with them explicitly. It also ruled that Garcia could not use the lien avoidance provisions of 11 U.S.C. § 522(f)(1)(B) because motor vehicles were explicitly mentioned in other portions of the statute, (e.g., § 522(d)(2)), and because the legislative history behind § 522(f) did not support avoiding liens on luxury items.

The district court reversed. As for the California wildcard exemption, the district court ruled that "any property" means just that – any property – up to the statutory amount. Quoting *In re Taylor*, 861 F.2d 550, 553 (9th Cir. 1988), the court also

---

[2] 11 U.S.C. § 522(f)(1) states:

> Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is--
>
> . . .
>
> (B) a nonpossessory, nonpurchase-money security interest in any--
>
> . . .
>
> (ii) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor.

6                    IN RE: GARCIA

ruled that "[l]ien avoidance on motor vehicles as tools of the debtor's trade . . . is generally allowed in situations where the vehicle is necessary to the debtor's trade, and the state has opted out of the federal laundry list." The court remanded the case to the bankruptcy court for further factual findings to determine whether Garcia's Mercedes is indeed a tool of her trade.

## II.    JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction to hear appeals from a district court's ruling on a bankruptcy court's final order, judgment, or decree under 28 U.S.C. § 1291. Although the district court's order reversed and remanded to the bankruptcy court for further factual findings, we may exercise jurisdiction if the issues on appeal are legal "in nature and [their] resolution either (1) could dispose of the case or proceedings and obviate the need for factfinding; or (2) would materially aid the bankruptcy court in reaching its disposition on remand." *In re Scovis*, 249 F.3d 975, 980 (9th Cir. 2001) (citing *Lundell v. Anchor Constr. Specialists*, 223 F.3d 1035, 1038 (9th Cir. 2000)).

Here, the issues are purely legal. On appeal, we consider whether California Civil Procedure Code § 703.140(b)(5) permits the exemption of a motor vehicle and whether 11 U.S.C. § 522(f)(1)(B) permits lien avoidance on the same. As the district court noted, the bankruptcy court resolved these issues as a matter of law and made no factual findings.

We review de novo the district court's decision, *In re AFI Holding, Inc.*, 525 F.3d 700, 702 (9th Cir. 2008), and the bankruptcy court's interpretation of the Bankruptcy Code, *Blausey v. U.S. Trustee*, 552 F.3d 1124, 1132 (9th Cir. 2009).

IN RE: GARCIA                                                  7

### III.  DISCUSSION

Generally, when a debtor files Chapter 7 bankruptcy, all of the debtor's property becomes the property of the bankruptcy estate. 11 U.S.C. § 541. Federal law, however, provides avenues for the debtor to exempt certain property. 11 U.S.C. § 522(d). This exemption scheme can be supplanted by states that choose to provide their own menu of exemptions. 11 U.S.C. § 522(b)(2); *see also In re Granger*, 754 F.2d 1490, 1490, 1492 (9th Cir. 1985) ("[A] state that has opted out has considerable freedom in creating exemptions and eligibility requirements for those exemptions."). California is one such state, providing its own exemption scheme in California Civil Procedure Code §§ 703.130 and 703.140.

We agree with the district court that as a purely legal matter Garcia is not prevented from exempting a motor vehicle up to the maximum allowable amount under California Civil Procedure Code § 703.140(b)(5). Section 703.140(b)(5) permits a debtor to exempt her "aggregate interest, not to exceed in value nine hundred twenty-five dollars ($925) plus any unused amount of the exemption provided under paragraph (1), in *any property*." Cal. Civ. Proc. Code § 703.140(b)(5) (2010) (emphasis added). Paragraph (1) states that a debtor can exempt up to $17,425 in certain types of real or personal property. *Id.* § 703.140(b)(1) (2010). Thus, these two paragraphs combine to allow a debtor to exempt up to $18,350 in "any property." "Any" means *any*, and fancy cars are not excluded.

The final question is whether a lien on a motor vehicle can be avoided under 11 U.S.C. § 522(f)(1)(B) as a tool of the

8                           IN RE: GARCIA

debtor's trade.  As the district court correctly ruled, the answer is "yes." *In re Taylor*, 861 F.2d at 553.

It remains to be seen whether Garcia's car qualifies as a tool of her trade. We affirm the district court's remand to the bankruptcy court for that factual determination, and likewise affirm the district court's ruling in all other respects.

**AFFIRMED.**